**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**KHALID BARNES,**

                Plaintiff,        10 Civ. 2554 (JGK)

      - against -         **MEMORANDUM OPINION AND**
                                                     **ORDER**
**COMMISSIONER POZZI, ET AL.,**

                Defendants.
------------------------------------

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff has moved to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e).  By a motion dated August 26, 2012, the plaintiff seeks to have this Court alter a Memorandum and Opinion of this Court filed August 3, 2012, that granted in part and denied in part the defendants' motion to dismiss.

    As a preliminary matter, the proper vehicle for the petitioner's motion is a motion for reconsideration or reargument pursuant to Local Rule 6.3 rather than a motion pursuant to Rule 59(e), because there is no judgment to be amended.  However, the standards under Rule 59(e) and Rule 6.3 are similar.  See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations omitted); <u>Dietrich v. Bauer</u>, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999) (Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court.") (citations omitted); <u>see also</u> <u>Banco Cent. de Para. v. Para. Human. Found., Inc.</u>, No. 01 Civ. 9649, 2006 WL 1214988, at *1 (S.D.N.Y. May 4, 2006) ("A Rule 59(e) motion is similar to a motion for reconsideration under Local Civil Rule 6.3.  In order to prevail, Principal Defendants must present '[factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision.'") (quoting <u>Griffin Indus., Inc. v. Petrojam, Ltd.</u>, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)) (alteration in original).

It is true, as the defendants argue, that the motion for reconsideration is untimely because it was filed more than fourteen days after the entry of the order sought to be reconsidered.  However, given the plaintiff's pro se and incarcerated status, the Court will not dismiss the present motion on that basis.  If there was a basis to reconsider the original decision, it should be corrected now.

In his Amended Complaint, the plaintiff alleged violations of his constitutional rights at various times while he was

2

incarcerated by the Westchester County Department of Corrections in the Westchester County Jail.  He was housed in the Westchester County Jail on several occasions while awaiting trial and during trial on federal charges in federal court.  He sued various individuals, in their individual capacities, and his Amended Complaint could also be construed as a complaint for municipal liability against Westchester County.

The plaintiff alleged numerous acts of retaliation beginning in March 2005 when he began to file grievances, and continuing until June 2006, when he was transferred out of the Westchester County Jail.  On February 8, 2008, 19 month later, the plaintiff was transferred back to the Westchester County Jail for trial in the White Plains Courthouse of the United States District Court for the Southern District of New York. (Am Compl. ¶¶ 80, 94.)

The plaintiff's original complaint is dated February 8, 2010.  This Court found that, given the three year statute of limitations for claims under 28 U.S.C. §1983, see Patterson v. County of Oneida, 375 206, 225 (2d Cir. 2004), any claims arising before February 8, 2007 were time barred and were dismissed.  The Court rejected the plaintiff's argument that the continuing violation doctrine could resuscitate claims about actions in 2005 and 2006.  Among other reasons, the Court

3

pointed to the 19 month gap in the plaintiff's stay at the Westchester County Jail between June 2006 and February 8, 2008.

The plaintiff now alleges that the Court overlooked his allegations that he was returned to the Westchester County Jail for court dates and that on those occasions he was also placed in the Solitary Housing Unit. (Am Compl. ¶¶ 76-79.) In his motion, although not in the Amended Complaint, the plaintiff alleges that he was returned to the Westchester County Jail on five occasions. His Amended Complaint describes the purpose of the transfers was for "brief court appearances." (Am. Compl. ¶79.) While these allegations do allege that there were occasions when the plaintiff was briefly housed in the Westchester County Jail, allegedly between June 2006 and February 8, 2008, they are insufficient to allege a continuing violation sufficient to resuscitate claims from 2005 and 2006. As the Court pointed out in the original Memorandum Opinion and Order, the plaintiff has alleged a series of discrete acts and the plaintiff could have instituted an action challenging those actions within three years of their occurrence. Similarly, if the plaintiff contends that his treatment during the individual stays at the Westchester County Jail in the period from June 2006 through February 2008 were retaliatory and unconstitutional, he could have brought a lawsuit within three years of each of those stays. The fact that the plaintiff has

4

alleged sporadic stays at the Westchester County Jail is insufficient to allege a continuing violation.  See Shomo v. City of New York, 579 F3d 176, 182 (2d Cir. 2009) (continuing violations doctrine does not apply to "discrete acts of unconstitutional conduct"); see also Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 156 (2d Cir. 2012).

The motion for reconsideration does leave open the possibility that he may have had specific stays at the Westchester County Jail that he is claiming were unconstitutional and that occurred in the period from February 8, 2007, until he was returned to the Westchester County Jail on February 8, 2008.  Because those events occurred within three years of the institution of the current lawsuit, they would not be barred by the statute of limitations.  Therefore, the prior Opinion correctly only barred claims arising before February 8, 2007, based on the statute of limitations.

It should also be noted that there is nothing in the specific paragraphs that the plaintiff points to that make any specific allegations against any of the individual defendants.  Therefore the claims against the individual defendants remain dismissed and the only remaining defendant in the case is the County of Westchester based on an allegation of municipal liability for any alleged constitutional violations that occurred from February 8, 2007 until February 8, 2010.

5

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the motion for reconsideration is **granted in part and denied in part. The Clerk is directed to close docket nos. 65 and 66.**

SO ORDERED.

Dated:   New York, New York
         November 8, 2012

                                      _____
                                            John G. Koeltl
                                      United States District Judge