UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KHALID BARNES,                                        :
                                                      :
                        Plaintiff,                    :
                                                      :
           -against-                                  :
                                                      :            **MEMORANDUM and ORDER**
COMMISSIONER POZZI, WARDEN                             :
AMICUCCI, A. W. SHERVECO, A . W.                      :            10 Civ. 2554 (JGK)(KNF)
ORLANDO, CAPTAIN VINCENT                               :
CAMERA,                                                :
                                                      :
                        Defendants.                   :
----------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Plaintiff Khalid Barnes ("Barnes"), proceeding pro se and in forma pauperis, brought this action

against the defendants pursuant to 42 U.S.C. § 1983, alleging that, while he was incarcerated at a

Westchester County Department of Corrections jail, the defendants subjected him to "unsafe housing

conditions, deliberate indifference to [his] medical needs, religious discrimination, retaliation for filing of

grievances and the Federal Civil Rights lawsuit, blatant violations of Attorney Client Privilege, racial

discrimination, violation of Plaintiff's rights, constituting cruel and unusual punishment under the First,

Fifth, Eighth and Fourteenth Amendments of the United States Constitution."  Before the Court is Barnes'

application for the Court to appoint counsel to assist him in prosecuting this action.

According to Barnes, he "was arrested March 1, 2004 on an assortment of federal charges . . .

[and] was committed to the [custody] of the Westchester Department of Corrections . . . as a pre-trial

detainee."  Barnes alleges, inter alia, that he was subjected to several acts of retaliation, beginning in

March 2005, after he filed grievances about the "sub-standard conditions of confinement" in the

Westchester County jail where he was housed.  Barnes contends that the retaliatory acts continued to be

perpetrated until he was transferred from the facility, in June 2006.  However, Barnes maintains that,

periodically between June 2006 and February 2008, he was returned to the Westchester County jail

facility for appearances in the White Plains branch of this court and, during those stints at the jail, he was

subjected to retaliatory treatment.  Furthermore, Barnes contends that the defendants "intentionally and

collectively orchestrated a bias system where the Plaintiff was met with retaliation, intentional

interference, and callous indifference in the right to exercise free speech."

Barnes requests that the Court appoint counsel to assist him because of "the complexities of the current matter and the defendants['] reluctance to cooperate [in discovery]."  Furthermore, Barnes contends that he is "currently on lock down, and as the court knows this facility [U.S. Penitentiary, Pollock, Louisiana], is constantly on lock down.  This condition impairs my ability to adequately research and prepare for this matter."  In addition, Barnes maintains that he has "attempted to reach out to several attorneys yet [his] inability to pay seemed to be the reason why [he] could not obtain counsel."

***Procedural Background***

On November 30, 2011, the defendants filed a motion to dismiss Barnes' amended complaint.  See Docket Entry No. 52.  In a Memorandum Opinion and Order issued on August 3, 2012, the Honorable John G. Koeltl denied the defendants' motion to dismiss respecting all claims except Barnes' claims that he suffered constitutional violations as a consequence of Westchester County's corrections policies or customs.

***Legal Standard***

Pleadings drafted by a pro se litigant, such as Barnes, are to be construed liberally and interpreted to raise the strongest arguments they suggest.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  In reviewing Barnes' application, the Court has applied this standard.

Civil Litigants have no constitutional right to counsel.  See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981).  However, 28 U.S.C. § 1915(e)(1) authorizes a district court to "request an attorney to represent any person unable to afford counsel."  "In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  An indigent's claim(s) is likely to be of substance if it has merit and "appears to have some chance of success."  Id., 802 F.2d at 60-61.

Once a court determines that a plaintiff has satisfied the above-noted threshold requirement, it should consider "secondary criteria" in deciding whether to appoint counsel.  Cooper v. A. Sargenti, Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).  These criteria include: (1) the indigent's ability to obtain counsel independently; (2) the indigent's ability to investigate the crucial facts; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the indigent's ability to present the case; (5) the complexity of the legal issues; and (6) any special reason why appointment of counsel, in the particular case, would be more likely to lead to a just

determination. See Hodge, 802 F.2d at 61-62.

### Application of Legal Standard

"[A]n attorney need not be appointed in every case which survives a motion to dismiss." Cooper, 877 F.2d at 172. However, the factual allegations Barnes has made against the county, which remain after Judge Koeltl's decision on the defendants' motion to dismiss, do not suggest that his chances of success are "extremely slim." Hodge, 802 F.2d at 60. Accordingly, Barnes has satisfied the "threshold showing of some likelihood of merit." Cooper, 877 F.2d at 174. With respect to Barnes' ability to obtain counsel independently, he has stated, through a declaration, that he attempted to retain counsel, unsuccessfully, due, he believes, to his inability to pay for legal services. Barnes is in a federal penitentiary, which experiences "lock downs" frequently, that limit his ability to conduct research in order to prepare for trial. Moreover, Barnes' retaliation claims are fact intensive. They will require a significant amount of investigation, and research, which, without assistance from counsel, Barnes will not likely be able to perform and be in a position to prove his case. In addition, Barnes' claims are predicated, in part, on the policies or customs of the county's corrections department and their infringement on several of his constitutional rights. Consequently, his claims appear to be complex, legally and factually. Furthermore, as Barnes is incarcerated, his ability to depose witnesses and to exploit fully the other discovery tools available, under the Federal Rules of Civil Procedure, is limited. In light of the potentially complex legal and factual issues in this case, and Barnes' limited ability to research, investigate and prosecute his claims effectively, the Court finds that appointing counsel to assist him is more likely to lead to a just determination.

### Conclusion

For the foregoing reasons, Barnes' motion for the Court to appoint counsel to assist him, Docket Entry No. 79, is granted. The Clerk of Court is directed to appoint counsel from the pro bono panel to represent Barnes.

Dated: New York, New York
     May 1, 2013

Copies mailed to:

Khalid Barnes
Pro Se Clerk

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE